

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr., Director
Department of Public Safety
Austin, Texas

Dear Sir:

> Opinion No. O-2139
> Re: Whether or not operation
> of bingo games under plan
> set forth is in violation
> of the law.

We have for reply your letter of March 27, 1940,
requesting the opinion of this department upon the above
stated question. Your request reads as follows:

> "I have been reliably informed that a
> group of operators are contemplating open-
> ing bingo games, and due to the new manner
> of operation, are of the opinion that such
> games are games of skill and are, therefore,
> not in violation of the law.

> "These games will be operated in the
> following manner:

> "Each player will be given the opportunity
> of throwing a dart at a board, and the number
> hit by such dart then is called out rather than
> using the old procedure of pulling numbers from
> a box. The alternate procedure is to use balls
> that are thrown into slots to determine the win-
> ning numbers, the prizes for such numbers to be
> merchandise certificates which are good at vari-
> ous business establishments within the city.

> "These operators claim that due to the
> fact that darts or balls are used that the ele-
> ment of chance is removed and that the game be-
> comes one of skill. The only difference between

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Homer Garrison, Jr., Page 2

this operation and the old bingo game is the manner in which the winning numbers are selected and the giving of merchandise certificates rather than prizes given by the operator.

"Please advise me whether or not, in your opinion, this operation would be a violation of the gambling statutes of our State."

Articles 619, 620 and 621 of the Penal Code of Texas reads as follows:

"Art. 619. If any person shall directly, or as agent or employe for another, or through any agent or agents, keep or exhibit for the purpose of gaming, any policy game, any gaming table, bank, wheel or device of any name or description whatever, or any table, bank, wheel or device for the purpose of gaming which has no name, or any slot machine, any pigeon hole table, any jenny-lind table, or table of any kind whatsoever, regardless of the name or whether named or not, he shall be confined in the penitentiary not less than two nor more than four years regardless of whether any of the above mentioned games, tables, banks, wheels, devices or slot machines are licensed by law or not. Any such table, bank, wheel, machine or device shall be considered as used for gaming, if money or anything of value is bet thereon."

"Art. 620. It being intended by the foregoing articles to include every species of gaming device known by the name of table or bank, of every kind whatever, this provision shall be construed to include any and all games which in common language are said to be played, dealt, kept or exhibited."

"Art. 621. The following games are within the meaning and intention of the two preceding articles, viz.: Faro, monte, vingt et un, rouge et noir, roulette, A.B.C., chuckaluck, keno and rondo; but the enumeration of these games shall not exclude any other properly within the meaning of the two preceding articles."

Honorable Homer Garrison, Jr., Page 3

In Opinion No. 0-366, this department held that a "bingo" game operated under a plan almost identical to the one described in your letter wherein a player was permitted to pitch a ball into a box and the number the ball stops on was called by the keeper, was in violation of the three Articles of our Penal Code quoted above. We see no reason to hold differently when the game is played by each participant throwing a dart into a board with the number hit by such dart being called out by the operator of the game.

Indeed, a "game" as prohibited by Articles 619, 620, and 621 of the Penal Code, is a trial of skill or chance, between two or more contending parties, according to some rule by which each one may fail or succeed in the trial; of skill, as chess or billiards; of chance, as raffles and simple lotteries; or of chance and skill combined, as backgammon, whist, faro, etc. Stearnes vs. State, 21 Tex. 692; Faucett v. State, 46 Tex. $C_r$. Rep. 113, 79 S. W. 548. Consequently, even should the game of bingo you describe be characterized as a game of skill rather than chance, (and which we do not concede) the same would still be a "game" the keeping of which is prohibited by Article 619 of the Penal Code. See Opinion No. 0-366, copy of which is enclosed.

For another reason we feel that the operation of the bingo game in question would be in violation of the Penal Laws of this State. Section 47 of Article 3 of the Constitution of Texas reads as follows:

"The Legislature shall pass laws prohibiting the establishment of lotteries and gift enterprizes in this state, as well as the sale of tickets in lotteries, gift enterprizes, or other evasions involving the lottery principle, established or existing, in other states."

Pursuant to such command the Legislature enacted Article 654 of the Penal Code, which reads as follows:

"If any person shall establish a lottery or dispose of any estate, real or personal, by lottery, he shall be fined not less than one hundred nor more than one thousand dollars; or if any person shall sell, offer for sale or keep for sale any ticket or part ticket in any lottery, he shall be fined not

Honorable Homer Garrison, Jr., Page 4

less than ten nor more than fifty dollars."

In the case of City of Wink v. Griffith Amusement Company, 100 S. W. (2d) 695 (Tex. Sup. Ct.), the court said:

"The state penal code does not define a lottery, but our courts have interpreted it in accordance with public usage, to mean a scheme or plan which provides for distribution of prizes by chance among those who have paid or agreed to pay a consideration for the right to participate therein. 28 Tex. Jur. p. 409, sec. 2, and cases cited in the notes."

In the case of Griffith Amusement Co. v. Morgan, 98 S. W. (2d) 844, it was held that the elements essential to constitute a lottery are (1) a prize in money or thing of value; (2) distribution by chance, and (3) payment, either directly or indirectly of a valuable consideration for the chance to win the prize. See also City of Wink v. Griffith Amusement Co., supra; Featherstone v. Independent Service Station Ass'n., 10 S. W. (2d) 124; Peak v. U. S., 61 Fed. (2d) 973; Grant v. State, 112 S. W. 1068; and also State v. Randal, 41 Tex. 296, and Holman v. State, 47 S. W. 850, wherein it was held that any scheme for the distribution of prizes by chance is a lottery.

In the instance of the "bingo" game in question a consideration is paid by the patron for the right to participate in the game, and if he is so fortunate as to win he receives a merchandise certificate or a prize. Therefore we take it the only question in your mind as to whether or not the operation of such a game is in violation of the lottery laws of this State, is whether or not the element of chance exists. We hold that it does.

While the skill of an individual patron might be exercised when it comes his turn to throw the dart into the board or toss the ball into the slot, how can it be maintained that the entire game constitutes one of skill rather than of chance when the success of the individual patron in winning depends not only upon his own skill but also upon the skill or inaptitude of his fellow patrons? We cannot believe that a patron because of his skill has any better chance of winning under such a scheme than he would have in playing a slot machine. In Pendergast v. State, 41 Tex. Cr. R. 358, 57 S. W. 851, the latter device was held to constitute a lottery.

**685**

Consequently, we hold and you are respectfully advised that the operation of a game of "bingo" under the plan described in your letter would, in addition to being in violation of Articles 619, 620, and 621 of the Penal Code of this State, be in violation of Article 654 of our Penal Code relating to the establishment of lotteries.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Walter R. Koch*
Walter R. Koch
Assistant

By *James D. Smullen*
James D. Smullen

JDS:RS

APPROVED APR 8, 1940

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN